UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

204 6TH ST LLC,

    Plaintiff,

v.                                                            Case No: 2:18-cv-235-FtM-38UAM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

## **ORDER**

This matter comes before the Court upon review of Plaintiff's Motion to Compel Depositions filed on February 26, 2019. Doc. 23. Plaintiff requests the Court to compel depositions of Defendant's corporate representative, Defendant's desk adjuster, and Defendant's field adjuster after numerous failed attempts to obtain deposition dates from Defendant thereby causing Plaintiff the inability to adequately prepare for trial. *Id*. at 2-3. While Defendant's Response in Opposition states that Defendant is making efforts to coordinate with Plaintiff's counsel to set dates for the requested depositions, Defendant argues Plaintiff has not properly conferred with defense counsel. Doc. 24. Whether or not to grant a motion to compel is within the discretion of the district court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 739, 731 (11th Cir. 1984).

Rule 30, Federal Rules of Civil Procedure, provides, in pertinent part:

**(b) Notice of the Deposition; Other Formal Requirements.**

*(1) Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice *must* state the time and place of the deposition, and if known, the deponent's name and address. (emphasis added).

Under Rule 37, if a party fails to respond to an interrogatory or request for production, or fails to attend a deposition, the party seeking the discovery may file a motion to compel such response or attendance. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv), (d)(1)(A).

Although the parties attempted to negotiate acceptable times and dates for the depositions, without proper notice, there is nothing for the Court to "compel." *See Hotel Mgmt. Grp., Inc. v. CC, LLC*, No. 6:07-cv-488-Orl-22DAB, 2008 WL 1990666, at *1 (M.D. Fla. May 5, 2008). Plaintiff's motion to compel is void of evidence of proper notice provided to Defendant. *See generally* Doc. 23. Consequently, Plaintiff's motion to compel is premature.

Absent an agreement on the date, time, place, and manner for the depositions to occur, Plaintiff may unilaterally notice the deposition on fourteen (14) days written notice to Defendant. *Bldg. Materials Corp. of Am. V. Henkel Corp.*, No. 6:15-cv-548-Orl-22GJK, 2016 WL 7666134, at *2 (M.D. Fla. Mar. 14, 2016). *See also* M.D. Fla. R. 3.02; Middle District Discovery at II(A)(1).

Without notice in accordance with Fed. R. Civ. P. 30(b) and Local Rule 3.02, M.D. Fla., the Court will deny Plaintiff's Motion to Compel Depositions without prejudice to re-filing if Defendant fails to appear for scheduled depositions in response to Rule 30 notices.

**DONE** and **ORDERED** in Fort Myers, Florida on March 27, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties